<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBORAH E. DIXON<br><br>                             Plaintiff,<br><br>v.<br><br>ELIZABETH BOARD OF EDUCATION, et al.,<br><br>                            Defendants. | Civ. No. 08-4243 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

DEBORAH E. DIXON
124 Clark Place
Elizabeth, New Jersey 07206

    *Pro Se Plaintiff,*

ELIZABETH BOARD OF EDUCATION
by:  Karen A. Murray, Esq.
Nicole Morgan, Esq.
500 North Broad Street
Elizabeth, New Jersey 07208

    *Attorney for Defendant,*

**<u>DEBEVOISE, Senior District Judge</u>**

    This matter comes before the Court on a motion to dismiss the Second Amended Complaint submitted by the Defendants, the Elizabeth Board of Education ("Board"), Pablo Munoz, Jennifer Barrett, Aida Garcia, Ann Marie Remus, and Ben Candelino.  The Plaintiff,

Deborah E. Dixon, a former employee of the Board, filed the pro se Amended Complaint on March 24, 2009, alleging that the Defendants discriminated against her based on her race, sex and age, and subjected her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and asserting claims of defamation and intentional infliction of emotional distress against Munoz and the Board on a theory of vicarious liability. Dixon retired on February 1, 2009, but she seeks relief in the form of compensatory damages, punitive damages, interest, and costs. The Defendants argue that Dixon's Amended Complaint is time-barred because she failed to file suit within 90 days after the Equal Employment Opportunity Commission ("EEOC") issued her a "Right to Sue" letter. Dixon responds that the allegations in the Complaint are not time-barred because she filed it within 90 "working days" after the "Right to Sue" letter was issued. In her opposition to the motion, Dixon also attached a second EEOC charge, which claimed retaliation for filing the first EEOC charge. She states that she received that second "Right to Sue" letter less than 90 days before she filed the Amended Complaint. The Court agrees with the Defendants that the claims from the first EEOC charge are time-barred and finds that the second "Right to Sue" letter does not save Dixon's retaliation claim, since that claim is not alleged in the Amended Complaint. Accordingly, the Court will dismiss the federal discrimination claims and decline to exercise supplemental jurisdiction over Dixon's remaining state law claims.

## I.  BACKGROUND

On November 7, 2007, Dixon filed a charge ("First Charge") with the EEOC against the Elizabeth Board of Education, alleging that the Board discriminated against her based on her race, sex, age, disability, and that the Board retaliated against her for using the Board's internal complaint system, all in violation of Title VII, the Age Discrimination in Employment Act of

1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). She stated that the discrimination had taken place from October 6, 2006 to July 31, 2007. Dixon's EEOC charge was supported, in part, by the following factual allegations:

> Since July 1, 2006, I have been subject to harassment, discipline and terms/condition of employment. On October 6, 2006, I was denied access through the loading dock, whereas other staff members were allowed to use it for entry. On December 14, 2006, this employer mandated that I have a medical examination. I was denied the use of specific days for absences. On December 7, 2006, I requested a transfer because of my disability. I complained that these issues were discriminatory. On January 26, 2007, I was restricted from the Alternate Route Teacher Program, resulting in the loss of the extra associated pay. I was subjected to inquiries about my retirement date. On March 16, 2007, I was restricted from this employer's property. As of May 1, 2007, I, and my doctor, have been denied a copy of my medical examination from January 22, 2007. On May 21, 2007, my invitation to speak at an 8th grade graduation was rescinded. On May 22, 2007, I received my contract for the next school year. It was provided to me the day prior to deadline. All other employees were provided their contracts at least by May 14, 2007. In July 2007, this employer advertised to fill my position. I believe these actions occurred in retaliation of my filing internal complaints.
>
> I believe I was discriminated against because of my sex (Female), race (Black), age (56), disability and in retaliation of filing complaints by being subjected to harassment, discipline, terms/conditions of employment…

The EEOC issued a "Right to Sue" letter on April 17, 2008. Dixon filed her Complaint in this Court on August 22, 2008, 126 days later. The Complaint, which was written with a template Dixon obtained from the Court, stated that the Board had discriminated against her on the basis of age and race, had failed to disclose investigatory findings in response to her hostile work environment allegations, and had engaged in discriminatory practices, such as referring her for psychiatric evaluations. Dixon attached her "Right to Sue" letter and the First Charge to her Complaint.

On November 17, 2008, Dixon filed a second EEOC charge ("Second Charge"), alleging that the Board retaliated against her for filing her first EEOC charge. She stated that:

3

> On October 22, 2007, I filed EEOC charge #524-2007-00978 against this employer.
>
> Since the beginning of the school year, I have been denied an incremental raise in pay.
>
> On July 1, 2008, I was cleared to return to work after a period of disability leave. This employer has not allowed me to return to my position. In July 2008 and August 2008, my sick pay was docked.
>
> I believe these actions by this employer were in retaliation of my previously filed EEOC Charge of Discrimination…

The EEOC issued a "Right to Sue" letter on January 13, 2009. Subsequently, Dixon filed an Amended Complaint in this suit against the Board. The Amended Complaint is organized in paragraph form and states claims for (1) hostile work environment, (2) discrimination based on race, (3) age discrimination, (4) gender discrimination, (5) defamation, and (6) intentional infliction of emotion distress. Dixon did not attach or reference her Second Charge or second "Right to Sue" letter in the Amended Complaint. The Amended Complaint does not allege that Dixon was retaliated against for filing the First Charge. Rather, the Amended Complaint refers to the same general set of grievances as Dixon set forth in the First Charge and the Complaint.

The Board filed the present motion to dismiss the Amended Complaint on March 8, 2010 and the Court held oral argument on April 19, 2010.

## II.    DISCUSSION

**A.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a motion under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The court's inquiry "is not whether plaintiffs will ultimately prevail in a trial

on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the standard for a motion to dismiss under Rule 12(b)(6) in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, the Court in Bell Atlantic held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 545. The assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (in order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying

5

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

**B.     Discrimination Claims**

The Defendants argue that Dixon's Amended Complaint is barred by the statute of limitations and thus must be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Def.'s Br. 2-3.) The applicable time period is ninety days from the receipt of a "Right to Sue" notice from the Equal Employment Opportunity Commission ("EEOC"), as mandated by 42 U.S.C. § 2000e-5(f)(1). See Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3rd Cir. 1999). This time period is made apparent to the filer of the EEOC complaint as it is contained in the right to sue notice itself. Id. Courts have treated the ninety day limit as a statute of limitations and have found that a claim filed even one day outside of the window is untimely and may be dismissed. Id. A court may allow a suit filed outside of the ninety days to proceed, however, in certain circumstances. These circumstances are set forth under the doctrine of equitable tolling.

The long-established doctrine of equitable tolling "can rescue a claim otherwise barred by a statute of limitations when the plaintiff has been prevented from filing due to sufficiently inequitable circumstances." Santos ex. rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009). That doctrine applies only to cases where the plaintiff "exercised due diligence in preserving and pursuing [his or] her claim," and does "not extend to garden-variety claims of excusable neglect." Id. Equitable tolling is appropriate only "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United

States, 404 F.3d 744, 751 (3d Cir. 2005).  Equitable tolling is an extraordinary remedy which should be used sparingly.  Id.

In this case, Dixon simply failed to observe the 90-day time period for filing regarding her first "Right to Sue" notice.  She received this first notice on April 17, 2008 and did not file a complaint until August 22, 2008, over 120 days later.  Further, the doctrine of equitable tolling is inapplicable here.  Dixon does not claim that the Defendant mislead her with respect to her cause of action, nor does she claim that she mistakenly asserted her rights in the wrong forum.  Dixon's misconception that the ninety-day limit meant ninety working days is in no way an extraordinary circumstance preventing her from asserting her rights.  As Dixon filed her Complaint more than 90 days after the receipt of her first "Right to Sue" notice, she is barred from asserting any claims that arise from that letter.

After filing this action Plaintiff received a second right to sue notice on January 13, 2009.  This letter responded to the Second Charge, which stated that the Board retaliated against her because she filed the First Charge.  She subsequently filed the Amended Complaint on March 24, 2009, within the 90-day period prescribed by the second "Right to Sue" letter.  In the spirit of construing pro se complaints liberally, the Court searched Dixon's Amended Complaint and was unable to find any corresponding allegation that the Board retaliated against Dixon for filing the First Charge.  Dixon did not even incorporate the Second Charge or second letter by referencing or attaching either to the Amended Complaint.  The Amended Complaint simply does not allege retaliation motivated by Dixon's EEOC filing.  As such, the Court cannot find that any part of the Amended Complaint is saved by the second "Right to Sue" letter.  The Court must dismiss Dixon's employment discrimination claims; the race, sex, disability and age discrimination

claims are barred by the applicable statute of limitations, and the retaliation claim does not appear in the Amended Complaint.

**C.      State Law Claims**

This Court had federal question jurisdiction over Dixon's Title VII, ADA and ADEA claims. Since her state law claims for defamation and intentional infliction of emotion distress arise from a common nucleus of operative fact, the Court could exercise supplemental jurisdiction over them, pursuant to 28 U.S.C. § 1367. However, in light of the Court's dismissal of the jurisdiction-conferring claims, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims.

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss Dixon's discrimination claims, Counts One, Two, Three, and Four, as time-barred. The Court will not grant Dixon leave to file a second amended complaint because she cannot cure the basis for dismissal with subsequent pleadings. Therefore, Counts One, Two, Three, and Four are dismissed with prejudice. The Court will decline to exercise jurisdiction over Dixon's remaining state law claims, Counts Five and Six. Accordingly, Counts Five and Six are dismissed without prejudice. The Amended Complaint is dismissed in its entirety. The Court will enter an order implementing this opinion.


    **s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 27, 2010